IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:03CR368 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JEREMY C. CONN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 69), and Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Filing No. 70).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the indictment charging him with selling, distributing, or dispensing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) defendant was sentenced to a term of 84 months in the custody of the Bureau of Prisons followed by five years supervised release. Defendant filed a direct appeal with the Eighth Circuit arguing that the district court should have departed downward because

defendant's criminal history score overrepresented his criminal propensities. The Eighth Circuit affirmed the district court's sentence. (Filing No. 62).

In his § 2255 motion defendant raises three issues: (1) incorrect application of the sentencing guidelines; (2) prosecutorial misconduct; and (3) denial of effective assistance of counsel.

As a condition of his plea agreement, "defendant . . . knowingly and expressly waive[d] any and all rights to contest the defendant's conviction of the subject charge(s) in any post-conviction proceeding, including any proceedings under Title 28 U.S. C. § 2255." (Filing No. 37). This waiver was subject to certain exceptions, including the right to seek relief based on ineffective assistance of counsel or prosecutorial misconduct if the grounds for such claims are not known to defendant or reasonably knowable by the defendant at the time he entered the plea agreement. Because defendant's first claim is based on a claim that does not involve ineffective assistance of counsel, or prosecutorial misconduct, defendant waived his right to assert this claim, and it is dismissed. The United States shall respond to the defendant's remaining claims by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 69);

2. Upon initial review, the Court finds that summary dismissal of the defendant's Second and Third Claims in the § 2255 motion is not required;

3.	On or before May 26, 2006, the United States shall file an Answer to the defendant's Second and Third Claims in the § 2255 motion and support its Answer with a brief;

4.	On or before June 26, 2006, the defendant may file a responsive brief addressing only the Second and Third Claims;

5.	Upon initial review, the Court finds that summary dismissal of the defendant's First Claim in the § 2255 motion is required;

6.	The defendant's Motion to proceed In Forma Pauperis (Filing No. 70) is granted; and

7.	The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 26th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge