IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR368 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JEREMY C. CONN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 69), and plaintiff's Motion to Extend Time (Filing No. 80).

## FACTUAL BACKGROUND

After pleading guilty to Count I of the indictment charging him with manufacturing, distributing, and possessing with intent to manufacture and distribute 5 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1), defendant was sentenced to a term of 84 months in the custody of the Bureau of Prisons followed by five years supervised release. Defendant filed a direct appeal with the Eighth Circuit arguing that the district court erred by not granting defendant's motion for downward departure. Defendant also filed a pro se brief alleging claims of prosecutorial misconduct. The Eighth Circuit affirmed the district court's sentence and reviewed the record concluding that there were no additional nonfrivolous issues. (Filing No. 62).

Currently before this court are defendant's allegations of prosecutorial misconduct and ineffective assistance of counsel.

**Prosecutorial Misconduct**

In his § 2255 defendant raises four allegations of prosecutorial misconduct: (1) that the prosecutor violated his First Amendment rights; (2) that his conviction was gained by the action of an unconstitutional grand jury; (3) that his conviction was gained by the prosecutor's failure to disclose favorable exculpatory evidence; and (4) that his conviction was gained by the use of a coerced confessions. When a defendant alleges prosecutorial misconduct, the defendant must demonstrate flagrant misconduct and substantial prejudice. *United States v. Manthei*, 979 F.2d 124, 126-27 (8th Cir. 1992).

Conn first argues that the government committed prosecutorial misconduct by violating his First Amendment rights. Specifically, Conn argues that Assistant United States Attorney Thomas Kangior brought this federal law suit against Conn in retaliation for Conn's filing of a §1983 civil rights complaint against the government. Conn fails to provide any argument or evidentiary support for this allegation. Furthermore, as the government argues, it is common place for the United States to bring cases involving controlled substances coming through local government agencies. Therefore, the court is not persuaded by defendant's unsupported allegation that the government brought this action in retaliation against Conn for his § 1983 action against the government.

Next, Conn argues that his conviction was gained by the action of an unconstitutional grand jury. Specifically Conn argues that the government constructively amended the Indictment against him. Again, Conn does not provide this court with any argument or evidentiary support for his allegation, and does not point to where in the record the Indictment was amended.

A review of the record indicates that defendant's Indictment was not improperly amended. In his plea agreement defendant pled guilty to Count I of the Indictment charging him with willfully, knowingly, and intentionally manufacturing, distributing, and possessing 5 grams **or more** of actual methamphetamine. (Filing No. 1). In his Rule 11(c)(1)(C) plea defendant stipulated that he would be held responsible for at least 50 grams, but less than 200 grams of a mixture or substance containing methamphetamine. (Filing No. 37). A superseding Indictment was not filed and defendant's statutory penalties remained at 5-40 years, despite the amount agreed upon in the plea agreement. Accordingly, this stipulation does not constitute an amendment to the Indictment, and at no other place in the record does it appear the Indictment was amended. Therefore, the record does not support defendant's claim.

Next, Conn argues that Kangior committed misconduct by failing to disclose to the defendant favorable exculpatory evidence. While not explicit, it appears that the primary alleged exculpatory evidence Conn is referring to is the proffer of Steven Brashun. In addition, defendant makes vague and conclusory allegations that the government erroneously withheld the identity of an informant, and court transcripts and various other court documents. The government counters that there was no exculpatory discovery material and that it complied with Fed. R. Crim P. 16 in providing discovery material.

The prosecution's suppression of evidence, requested by and favorable to an accused, violates due process where the evidence is material to either guilt or punishment, irrespective of the prosecution's good or bad faith. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Here, however, the record supports the government's contentions that it did not withhold exculpatory evidence. Conn was provided with a redacted portion of the Brashun proffer almost a month prior to filing his petition to plead guilty. Nevertheless, after reviewing the proffer, defendant entered into a Fed. R. Crim P. 11(c)(1)(C) plea agreement with the government in which he stipulated that he would be held responsible for at least 50 grams, but less than 200 grams of methamphetamine. This is a quantity lower than what Brashun had attributed to defendant in his proffer. Furthermore, this court has been provided with both versions of the proffer and a review of the reports shows that the portions of the report that were redacted are names of other individuals and information that does not relate to defendant. The redacted material is not exculpatory and does not support defendant's allegations.

Moreover, with respect to defendant's claim that the government withheld transcripts and other court records, as the government properly argues district court pleadings are not considered discovery materials pursuant to Fed. Crim. P. Rule 16. By pleading guilty to the charges against him defendant knowingly gave up his right to confront and cross-examine adverse witnesses.

Finally, Conn argues that the prosecutor coerced his plea. Conn provides no argument or evidentiary support for this allegation, and the record does not support his conclusory allegation. First, in Conn's petition to enter a plea of guilty he stated that he knew he had the right to plead not guilty and the right to go to trial and that he decided to plead guilty without force or threat. (Filing No. 36). Further, in the plea petition defendant stated in his own words that he was pleading guilty to being involved in the distribution of methamphetamine. (Filing No. 36). At the plea hearing, Magistrate Judge Thalken

described the offense defendant was charged with and asked if he understood that he was pleading guilty to this charge and defendant responded in the affirmative. (Filing No. 38 pg. 6). At the hearing, defendant's attorney confirmed that before signing the plea agreement defendant reviewed the terms and had the opportunity to ask any questions. *Id.* at 15. Finally, Judge Thalken asked Conn if he was threatened or promised anything to force him into entering his plea agreement and whether he freely and voluntarily waived his constitutional rights. Conn stated that he had not been threatened and freely waived his rights. *Id.* at 19. After the hearing, Conn did not object to Judge Thalken's Report and Recommendation that the court accept Conn's guilty plea. Conn has not provided this court with any basis to doubt the veracity of his statements at this hearing or to indicate that he was coerced by the government to enter his plea.

Conn is also procedurally barred from raising the issue of prosecutorial misconduct because he raised the issue in his pro se pleadings with the Eighth Circuit. After reviewing the submissions and the record, the Eighth Circuit affirmed the district court and determined there were no nonfrivolous issues to be raised on appeal. Claims that were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to § 2255. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

Based on the above, Conn's § 2255 motion is denied on his claims of prosecutorial misconduct.

**Ineffective Assistance of Counsel**

Next, defendant raises issues of ineffective assistance of counsel at pretrial, sentencing and on appeal. The Sixth Amendment right to counsel exists to protect the

fundamental right to a fair trial. To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id.* at 687.

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id.* at 697.

**Pre-Trial**

Defendant raises four allegations of ineffective assistance of counsel at the pre-trial stage: (1) defense counsel was ineffective for failing to suppress the conflicting testimony of officer Neil Thomas; (2) defense counsel was ineffective for failing to seek and disclose exculpatory evidence; (3) defense counsel was ineffective for failing to contest an unconstitutional constructive amendment of the indictment from 5 grams of methamphetamine to 200 grams of methamphetamine mixture; (4) defense counsel was

ineffective for failing to suppress or impeach perjured statements of government witnesses and evidence obtained due to an illegal search and arrest.

Defendant's first and fourth claims of ineffective assistance of counsel based on defense counsel's failure to challenge and suppress the conflicting testimony of Officer Neil Thomas and failure to suppress or impeach statements obtained due to an illegal search are not supported by the record. On October 3, 2003, defense counsel filed a motion to suppress all evidence derived from a search of his person and vehicle (filing no. 14) and a hearing was held on the motion on December 19, 2003. At this hearing, Officer Neal Thomas was called to testify and a video tape of the stop was submitted as evidence. After reviewing both the testimony and the video evidence the court denied defendant's motion to suppress. (Filing No. 21) While the court denied the motion, defense counsel made the necessary attempts to suppress evidence and put what defendant appears to claim is conflicting evidence – Officer Thomas's testimony and the video tape of the stop – before the court. Based on these actions, the court concludes that defense counsel's performance did not fall outside the wide range of reasonable professional assistance.

Next, defendant argues that defense counsel was ineffective for failing to seek and disclose exculpatory evidence. The government counters that there was no exculpatory discovery material and that it complied with Fed. R. Crim P. 16 in providing discovery material. Again, defendant does not specifically state what was the alleged exculpatory evidence that the government failed to provide. Furthermore, if the evidence defendant is referring to is the proffer of defense witness Steven Brashun, the trial transcripts and other pleadings, or the identity of an informant, for the reasons previously discussed in this Order, defendant's motion is denied on this claim.

Next, defendant argues that his defense counsel was ineffective for failing to contest an unconstitutional constructive amendment of the indictment from 5 grams of methamphetamine to 200 grams of methamphetamine mixture. Defense counsel is not required to make an argument that lacks merit, and for the reasons discussed above, it is clear from the record that defendant's indictment was not improperly amended.

Finally, in the plea petition and at the plea hearing, defendant stated that he did not have any objections or complaints about the manner with which his counsel represented him. (Filing Nos. 36, 38 at 16). Therefore, based on the above, defendant's motion is denied on these allegations of ineffective assistance of counsel.

**Sentencing**

Defendant argues that his counsel was ineffective at sentencing for: (1) failing to object to Presentence Investigation Report (PSR); (3) failing to seek jail credit; and (3) failing to give notice of intent to appeal.

Defendant argues that it was ineffective for his counsel to fail to object to the PSR. While defendant makes various general allegations challenging the PSR, which are too vague for the court to address, defendant's only specific challenge to the PSR is that it used an unconstitutional conviction from the state court to enhance his sentence. But Conn is precluded from making this argument. In *Daniels v. United States*, 532 U.S. 374 (2001), the Supreme Court confirmed that, in general, habeas relief is not available to petitioners who challenge a fully expired conviction used to enhance a subsequent sentence in a petition brought under 28 U.S.C. § 2255.

Furthermore, defendant's remaining two arguments are directly contradicted by the record. First, at the sentencing hearing defense counsel did ask the court to give defendant credit for time served. Counsel requested that the court credit defendant for the 16 months he had spent in custody during the initial state proceedings in this case. (Filing No. 54 at 7-8). In fact, this court recommended in the Judgment that defendant receive credit for this time. (Filing No. 47). The Bureau of Prisons has the discretion to accept or reject the court's recommendation.

Second, on June 14, 2004, defense counsel filed a notice of appeal and the Eighth Circuit decided the appeal affirming the district court's decision. (Filing Nos. 46 and 62). Based on the record before this court, defendant's § 2255 motion is denied on these claims.

**Appeal**

Finally, defendant alleges that his counsel was ineffective on appeal for: (1) advising defendant to file *pro se* issues on direct appeal; (2) refusing to provide indigent defendant with copies of court documents; (3) failing to address the unconstitutional application of the U.S. sentencing guidelines; (4) failing to advise defendant of his appellate rights; (5) failing to represent defendant on petition for re-hearing *en banc.*

Defendant's allegation that his appellate counsel failed to advise defendant of his appellate rights is contrary to the record. At the end of the sentencing hearing this court instructed defendant that he had the right to appeal and that the notice of appeal would need to be filed within ten days. (Filing No. 54 at 11). The court explained that defendant would receive a paper that outlined his rights on appeal and how to file a notice of appeal. *Id.* After sentencing, defense counsel and defendant were given a copy of a document titled Notice

9

of Right to Appeal in Criminal Cases, which outlined defendant's rights with respect to filing an appeal. Defendant signed the Notice and it was filed with the court. (Filing No. 46). Furthermore, defense counsel actually filed a notice of appeal and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) arguing that this court erred by denying defendant's motion for downward departure. In *Anders*, the Supreme Court held that if counsel for the defendant finds, after a conscientious examination of the defendant's appeal, that there are no nonfrivolous issues, counsel should advise the court and request permission to withdraw. The request however, is to be accompanied by a brief referring "to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Defense counsel complied with the requirements of *Anders* by filing a brief accompanied by his motion to withdraw. Moreover, by defendant's own admission appellate counsel instructed defendant to file any additional challenges he had in a *pro se* brief. While defendant complains that this constitutes ineffective assistance of counsel, this is all that is required of defense counsel.

Furthermore, appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *See Meyer v. Sargent,* 854 F.2d 1110, 1115-16 (8th Cir.1988). Here, on appeal, the court reviewed the *Anders* brief, defendant's *pro se* supplemental materials, and the record and determined that there were no nonfrivolous issues to raise on appeal.

Finally, the defendant asserts that his counsel was ineffective for failing to assist him in seeking *en banc* review of the decision on appeal by the Eighth Circuit. Such a claim does not present an appropriate basis for relief under 28 U.S.C. § 2255. *McNeal v. United States*, 54 F.3d 776, 1995 WL 290233 (6th Cir.1995) (table case) (since there is no

constitutional right to counsel in seeking rehearing *en banc*, then defendant's constitutional rights cannot be violated by allegedly defective performance of his attorney).

Therefore, based on the above, defendant's § 2255 motion is denied on his claims of ineffective assistance of counsel.

IT IS ORDERED:

1. That defendant's § 2255 motion (Filing No. 69) is denied;

2. That defendant's motion to extend time to respond to United States' Answer (Filing No. 80) is denied as moot;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 26th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge